UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br> v. <br><br> CALIX, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:10-cv-117 <br><br><br> JURY TRIAL REQUESTED |

## ORIGINAL COMPLAINT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Original Complaint for patent infringement against Defendant Calix, Inc. ("Calix") for infringement of U.S. Patent Nos. 5,956,323 (the "'323 Patent") and 6,763,019 (the "'019 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271. Copies of the Patents-in-Suit are attached as Exhibits A and B.

## PARTIES

1.      Plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2.      Upon information and belief, Defendant Calix is a Delaware Corporation with its principal place of business at 1035 North McDowell Boulevard, Petaluma, CA 94954.   Calix manufactures for sale and/or sells Digital Subscriber Line ("DSL") products, including but not limited to products compliant with the ITU G.992 and/or

G.993 standards, in the United States and, more particularly, in the Eastern District of Texas.  Calix may be served with process by serving its registered agent, National Corporate Research, Ltd., 800 Brazos Street, Suite 400, Austin, Texas 78701.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant.   Defendant has conducted and does conduct business within the State of Texas.  Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, imports and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.   These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Defendant has committed the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

6.      Venue is proper in this Court pursuant to 28 U S.C. §§ 1391 and 1400(b).

## COUNT I:  PATENT INFRINGEMENT

7.       On September 21, 1999, the USPTO duly and legally issued the '323 Patent, entitled "Power Conservation for POTS and Modulated Data Transmission" after a full and fair examination.  Wi-LAN is the assignee of all rights, title, and interest in and to the '323 Patent and possesses all rights of recovery under the '323 Patent, including the right to recover damages for past infringement.

8.       On July 13, 2004, the USPTO duly and legally issued the '019 Patent, entitled "Method and System for Authenticated Fast Channel Change of Media Provided Over a DSL Connection" after a full and fair examination.  Wi-LAN is the assignee of all rights, title, and interest in and to the '019 Patent and possesses all rights of recovery under the '019 Patent, including the right to recover damages for past infringement.

9.       Each of the Patents-in-Suit is valid and enforceable.

10.       Upon information and belief, Calix has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling DSL products, including but not limited to products compliant with the ITU G.992 and/or G.993 standards, that fall within the scope of at least one claim of each of the Patents-in-Suit.

11.       Wi-LAN has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the Patents-in-Suit, Wi-LAN will suffer irreparable harm.

12.     Defendant had knowledge of the Patents-in-Suit and did not cease its infringing activities.   Defendant's infringement of the Patents-in-Suit has been and continues to be willful and deliberate.

13.     Wi-LAN is in compliance with the requirements of 35 U.S.C. § 287.

14.     Defendant, by way of its infringing activities, has caused and continues to cause Wi-LAN to suffer damages in an amount to be determined at trial.


### PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

A.     A judgment in favor of Wi-LAN that Defendant has infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

B.     A permanent injunction, enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

C.     Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

E.     A judgment and order requiring Defendant to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

F.      Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

G.      Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

DATED:  April 1, 2010.

Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Sam Baxter
Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

**ATTORNEYS FOR WI-LAN INC.**

Austin 58045v1